**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**ROBYN WEGH,**

Plaintiff,

v.

**STATE OF OREGON, OREGON DEPARTMENT OF CORRECTIONS, WARREN ROBERTS, JOE BUGHER, DEENA LOZIER, and JOHN and JANE DOES,**

Defendants.

**Case No.** 3:26-cv-00709-MC

**OPINION AND ORDER**

---

**MCSHANE, Judge**

Plaintiff, Robyn Wegh, an adult in custody at the Oregon Department of Corrections ("ODOC"), sustained an injury while performing a prison work assignment. She brings this civil rights action under 42 U.S.C. § 1983 against Warren Roberts, Joe Bugher, Deena Lozier, and unidentified medical staff, complaining of the treatment she received following her injury. She also brings a negligence claim against Oregon Department of Corrections (ODOC). Defendant Warren Roberts moves to dismiss the § 1983 claims for failure to state a claim. Because Plaintiff pleads sufficient facts to state a claim for relief that is plausible on its face as to Count I, Defendant's Motion to Dismiss, ECF No. 7, is DENIED in part and GRANTED in part.

## BACKGROUND[1]

In October 2022, Plaintiff sustained a back injury while working in prison. Compl. ¶ 19, ECF No. 1. In the following months, Plaintiff's pain increased while her mobility decreased. *Id.* ¶ 20. In 2023, a diagnostic MRI report recommended a thoracic MRI to better evaluate Plaintiff's condition. *Id.* One month later, the ODOC Therapeutic Levels of Care ("TLC") Committee denied the thoracic MRI as not "medically indicated."[2] *Id.* ¶ 23. Even though her condition continued to worsen, in 2024 Plaintiff received only a thoracic x-ray. *Id.* ¶¶ 24–25. Two months later, Plaintiff visited the emergency room with severe pain and immobility and finally received a thoracic MRI. *Id.* ¶ 27. The MRI revealed critical stenosis requiring Plaintiff to undergo urgent surgery. *Id.* ¶ 28. Plaintiff required additional surgeries in the following year. *Id.* ¶¶ 29–30. Today, Plaintiff continues to experience pain, limited mobility, and difficulty performing daily activities. *Id.* ¶ 31.

Plaintiff alleges that Defendant Roberts violated the Eighth Amendment by failing to provide timely and adequate medical care in his individual and supervisory capacities. *Id.* ¶¶ 45, 58. In response, Defendant Roberts argues that Plaintiff failed to adequately plead both claims. Def.'s Mot. Dismiss 2.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of

[1] At the motion to dismiss stage, this Court takes all of Plaintiff Wegh's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

[2] The TLC Committee is responsible for making decisions on whether to provide medical care to individuals in custody. Compl. ¶ 38.

misconduct." *Id.* at 679. However, Rule 8(a) does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the allegations. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If a court dismisses the complaint, it should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant Roberts's Motion hinges on whether Plaintiff provided sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence further supporting her claims. The Court finds that Plaintiff has done so here.

### I. Deliberate Indifference to Serious Medical Needs

Defendant argues that his mere difference in opinion regarding Plaintiff's medical care does not satisfy an Eighth Amendment claim of deliberate indifference. However, because this action does not involve differing medical opinions but rather a delay and denial of necessary medical care, the Court disagrees.

To plead an Eighth Amendment claim under § 1983, a plaintiff must show a defendant's "deliberate indifference" to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A person in custody adequately pleads deliberate indifference by alleging a defendant's knowledge of and disregard for an excessive risk to their health and safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "If a prison official should have been aware of the risk, but was

not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (brackets and citation omitted). A prison official demonstrates deliberate indifference by denying, delaying, or intentionally interfering with medical treatment. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). When a plaintiff alleges a delay in receiving medical treatment, the delay must lead to significant harm. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

A plaintiff adequately pleads a serious medical need by alleging a significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (finding chronic pain and conditions significantly affecting an individual's daily activities as indicators of a serious medical need).

As ODOC's Medical Director, Defendant Roberts showed a deliberate indifference to Plaintiff's numerous complaints reporting severe pain and requests for medical care. Compl. ¶ 26. Following these complaints, Defendant Roberts did not provide Plaintiff with medical care to manage her condition or pain. *Id.*; *see Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992) (demonstrating sufficiently pled liability where defendant acted in disregard for plaintiff's past reported pain and injury). Defendant Roberts knowingly denied and delayed medical care to adults in custody by implementing policies to deny diagnostic imaging and outside medical trips. Compl. ¶ 36. Defendant Roberts acted on this policy when he denied Plaintiff's thoracic MRI as the head, and final decisionmaker, of the TLC Committee. *Id.* ¶¶ 23, 28; *see Hamilton*, 981 F.2d at 1064, 1067 (demonstrating sufficiently pled liability where defendant had final authority over a decision involving plaintiff's care that worsened plaintiff's injury). Defendant Roberts later reviewed Plaintiff's thoracic x-ray and MRI—still denying a thoracic MRI despite its necessity to diagnose and treat Plaintiff's condition. Compl. ¶¶ 25, 46. Plaintiff's delayed diagnosis and treatment led to

significant harm requiring an emergency room visit, immediate surgery, and additional surgeries. *Id.* ¶¶ 28–32.

Plaintiff's back injury caused bladder and bowel incontinence, severe pain, and immobility alleging a serious medical need. *Id.* ¶¶ 24, 27. Plaintiff's pain and limited mobility interfered with her ability to perform daily activities. *Id.* ¶ 31. Plaintiff's Complaint plausibly alleges that Defendant Roberts realized that Plaintiff required a thoracic MRI but chose to deny that recommendation. In other words, Plaintiff states a plausible claim that Defendant Roberts was deliberately indifferent to Plaintiff's serious medical needs.

## II. Supervisory Liability for Failure to Train, Supervise, or Control Subordinates

Plaintiff did not state a plausible claim in Count II as to Defendant Roberts's supervisory liability under § 1983. Plaintiff alleges that Defendant Roberts failed to properly and adequately train and supervise his subordinates, "tacitly allowing denial and delay of necessary medical care." *Id.* at ¶ 58.

A supervisor may be held liable under § 1983 if personally involved in a constitutional deprivation, or if a sufficient causal connection exists between the supervisor's wrongful conduct and a constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). A plaintiff adequately pleads a causal connection by alleging a supervisor set in motion a series of acts by others or knowingly refused "to terminate a series of acts by others, which the supervisor knew or should have known would cause others to inflict a constitutional injury." *Id.* at 1207–08 (brackets and citation omitted). A supervisor's wrongful conduct includes their "own culpable action or inaction in the training, supervision, or control of [their] subordinates; [their] acquiescence in the constitutional deprivation; or [their] conduct that showed a reckless or callous indifference to the rights of others." *Id.* (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998)).

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss, ECF No. 7, is DENIED as to Count I and GRANTED as to Count II.[3]

IT IS SO ORDERED.

DATED this 4th day of November, 2026.

______s/Michael J. McShane________
Michael J. McShane
United States District Judge

[3] Defendant also claims entitlement to qualified immunity. Because a finding of deliberate indifference precludes a finding of qualified immunity, it is inappropriate for the Court to rule on Defendant Roberts's qualified immunity claim at this time. *Hamilton*, 981 F.2d at 1066.